UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL JOHN HUTCHINS,

        Plaintiff,                        Case No. 2:23-cv-13224

v.                                          Honorable Susan K. DeClercq
                                                 United States District Judge

BROCK SIMMONS, et al.,

        Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION (ECF No. 11)**

Plaintiff Daniel John Hutchins alleges seven Michigan Department of Corrections officers retaliated against him for filing complaints against prison staff at Parnell Correctional Facility in Jackson, Michigan. According to Plaintiff, the retaliation culminated in Defendants increasing Plaintiff's security classification to transfer him to administrative segregation at a higher-security prison. He now seeks a preliminary injunction relating to new claims of mistreatment of a person who is not a party to this case, but who Plaintiff alleges he will call as a witness. But, as explained below, Plaintiff has not demonstrated the circumstances warrant the extraordinary remedy of a preliminary injunction, so his motion will be denied.

### I. BACKGROUND

Between January 6 and July 21, 2023, Plaintiff Daniel John Hutchins was

incarcerated at Parnell Correctional Facility (PCF) in Jackson, Michigan. ECF No. 1 at PageID.4. During this time, Plaintiff asserts he was "engaged in" both civil and criminal litigation and filed several complaints and grievances. *Id.* According to Plaintiff, over a four-month period, seven Michigan Department of Corrections employees threatened him and retaliated against him because of his complaints and grievances. *See generally id.* at PageID.5–17.

Plaintiff first alleges that on March 13, 2023, Defendant Brock Simmons, an inspector at PCF, threatened Plaintiff by telling him he was "being noticed around here" for the complaints and grievances that had been filed. *Id.* at PageID.5.

Plaintiff next alleges that in April 2023, he was "verbally and sexually harassed" by another prisoner and complained about it to Defendant Simmons and the PCF counselor. *Id.* The other prisoner was then moved to another housing unit, but a few weeks later "threatened Plaintiff with a homemade weapon." *Id.* Defendant Cody Crites, a lieutenant at PCF, was notified of the incident, but Plaintiff alleges Defendant Crites did not do anything and instead referred to a grievance that Plaintiff had previously filed. *Id.* at PageID.5–6. Dissatisfied with Defendant Crites's handling of the incident, Plaintiff then complained about Defendant Crites to Defendant Caitlin McGinn, Assistant Deputy Warden at PCF. *Id.* at PageID.6. Defendant McGinn told Plaintiff she would talk to Defendant Crites but advised Plaintiff to "[s]top making waives (sic), and causing so much bad blood." *Id.*

In May 2023, Plaintiff alleges that Defendant Crites discovered that Plaintiff had complained to Defendant McGinn about him, and threatened to raise Plaintiff's security level in retaliation for Plaintiff's complaints. *Id.* Plaintiff filed a complaint regarding Defendant Crites the next day, which was investigated by Defendant McGinn and Defendant Hughes, a lieutenant at PCF. *Id.* at PageID.7. Plaintiff alleges that Defendant Hughes threatened Plaintiff by telling him he "should be careful" about who he complains about. *Id.* Plaintiff also alleges Defendant McGinn told Plaintiff she hoped "they" got rid of Plaintiff. *Id.*

In late June 2023, Defendant Willard Murrell, a corrections officer at PCF caught Plaintiff "engaging in sexual behavior" with another prisoner. *Id.* at PageID.8. Plaintiff claimed the sexual behavior was consensual, but the other prisoner claimed it was not and that Plaintiff had assaulted him. *Id.* Plaintiff alleges that Defendant Murrell told Plaintiff that although he knew Plaintiff was in "a sexual relationship" with the other prisoner, Plaintiff had really "pissed off the brass, and it looks like they are going to let [the other prisoner] go and fry [Plaintiff's] ass!" *Id.* at PageID.9. Plaintiff was placed in segregation shortly thereafter. *Id.* Plaintiff complained about being placed in segregation without notice or due process, and also complained that an electronic tablet belonging to him had been stolen. *Id.* He alleges that Defendants did nothing to locate his tablet, and instead issued a Class I misconduct ticket to Plaintiff on July 5, 2023 for sexual assault. *Id.* at PageID.10.

Eight days later, a hearing on the misconduct ticket was held, and the administrative law judge dismissed the misconduct ticket and Plaintiff was released form segregation. *Id.*

In the days that followed, Plaintiff alleges Defendant Murrell "confiscated 24 pages" of Plaintiff's "legal documents, including" documents from the July 13, 2023 hearing. *Id.* at PageID.11. Plaintiff alleges that after his legal documents were confiscated, Defendants Crites and Murrell told Plaintiff that Plaintiff would not file a lawsuit against them and that he would not receive a hearing regarding the documents, but they would be thrown away. *Id.* at PageID.12. Plaintiff alleges he attempted to file a complaint about this incident, but Defendant Simmons informed him that PCF was "no longer accepting [Plaintiff's] complaints." *Id.*

On July 18, 2023, Plaintiff was placed in segregation and PCF staff issued a notice of intent to reclassify Plaintiff to be placed in "top Administrative Segregation." *Id.* at PageID.13. A review of the notice occurred, but Plaintiff alleges he could not properly hear what was happening during the review process. *Id.* Plaintiff alleges that Defendant Crites and Murrell told him two days later that Plaintiff's reclassification was the only way to get Plaintiff out of PCF. *Id.* On July 21, 2023, Plaintiff was transferred from PCF to a higher-level security facility and placed in administrative segregation. *Id.* at PageID.13–14. Two months later, Plaintiff was released from segregation at his new correctional facility. *Id.*

On December 13, 2023, Plaintiff sued the seven MDOC employees involved in the events he alleged occurred during his time at PCF. ECF No. 1. On January 23, 2024, while imprisoned at a different MDOC facility, Plaintiff filed a motion for preliminary injunction,[1] seeking an injunction barring not only Defendants, but "all other persons acting on behalf of defendants" from "retaliating, threatening, and/or harassing" three people Plaintiff claims he plans to call as witnesses. ECF No. 11 at PageID.54. Defendants oppose Plaintiff's request. ECF No. 21.

## II. STANDARD OF REVIEW

Preliminary injunctions have "been characterized as one of the most drastic tools in the arsenal of judicial remedies." *Bonnell v. Lorenzo*, 241 F.3d 800, 808 (6th Cir. 2001) (internal quotation marks omitted). "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington–Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002). Importantly, a "court may issue a preliminary injunction only on notice to the

---

[1] Although Plaintiff titled his pleading "Motion for Issuance of Temporary Restraining Order," the substance of Plaintiff's motion seeks a "preliminary injunction." *Compare* ECF No. 11 at PageID.50 *with id.* at PageID.53. Moreover, Defendants are aware of Plaintiff's request for injunctive relief and filed a response in opposition. *See* ECF No. 21. Accordingly, Plaintiff's request will be evaluated under the preliminary injunction framework. *See* FED. R. CIV. P. 65 (explaining preliminary injunctions may be issued "only on notice to the adverse party," whereas temporary restraining orders are issued "without written or oral notice to the adverse party.").

adverse party." FED. R. CIV. P. 65(a)(1).

"In determining whether to grant a motion for preliminary injunction, the district court must consider and balance the following four factors: (1) the moving party's likelihood of success on the merits; (2) the moving party's likelihood of suffering irreparable injury absent the injunction; (3) the probability that granting the injunction will cause substantial harm to others; and (4) the degree to which the injunction would serve the public interest." *Towerco 2013, LLC v. Berlin Twp. Bd. of Trustees*, No. 23-3768, 2024 WL 3665539, at *4 (6th Cir. Aug. 6, 2024) (citing *United States v. Edward Rose & Sons*, 384 F.3d 258, 261 (6th Cir. 2004).

Although district courts must balance these four factors, the movant's failure to establish either of the first two factors—a likelihood of success on the merits or irreparable harm—is usually fatal. *See CLT Logistics v. River West Brands*, 777 F.Supp.2d 1052, 1064 (E.D. Mich. 2011). In sum, a preliminary injunction should be granted "only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Id.*

### III. ANALYSIS

Plaintiff Daniel Hutchins seeks a preliminary injunction "enjoining the defendants, their successors in office, agents, and employees and all other persons acting on behalf of the defendants from retaliating, threatening and/or harassing" three people Plaintiff plans to call as witnesses: Jason Norton, Dustin Hutchins, and

Damien Sweenay. ECF No. 11 at PageID.54. Defendants oppose Plaintiff's request, arguing that Plaintiff may not seek injunctive relief based upon allegations which were not raised in the complaint. ECF No. 21 at PageID.207–08. Alternatively, Defendants argue that Plaintiff has not satisfied his burden of proof such that injunctive relief is necessary. *Id.* at PageID.208–15.

Importantly, the injunctive relief Plaintiff seeks is based upon allegations that are not made in Plaintiff's complaint. *Compare* ECF No. 1 *with* ECF No. 11. Plaintiff's Complaint alleges MDOC employees at PCF threatened and retaliated against him for filing complaints between March 2023 and July 2023, culminating in a retaliatory security reclassification and transfer after confiscating his legal documents. *See generally* ECF No. 1. Plaintiff's motion for a preliminary injunction, in contrast, complains about MDOC employees "harass[ing]" Dustin Hutchins, and "block[ing]" him from "secur[ing] material evidence" related to Plaintiff's case in January 2024. ECF No. 11 at PageID.51. Indeed, Plaintiff's Complaint contains no mention of Dustin Hutchins, nor any alleged mistreatment of Dustin Hutchins by Defendants. *See generally* ECF No. 1. And generally, courts may not enjoin parties from taking action based on allegations and claims not presented in the complaint. *Colvin v. Caruso*, 605 F.3d 282, 299 (6th Cir. 2010). Indeed, "enjoining the conduct alleged in the complaint would do little to prevent the harm" Plaintiff alleges a nonparty, Dustin Hutchins, is now suffering. *Beasley v. Westbrooks*, No. 3:16-CV-

03010, 2018 WL 272682, at *6 (M.D. Tenn. Jan. 3, 2018) (citing *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997)).

It is true, however, that the harm Plaintiff complains of in his motion for a preliminary injunction—some Defendants blocking a nonparty from obtaining evidence on Plaintiff's behalf—is remotely related to his underlying claims, as Plaintiff asserts that Defendants are taking such action in retaliation against Plaintiff himself, for filing the underlying complaint, and may affect Plaintiff's ability to litigate the claims in his complaint. *See* ECF No. 11 at PageID.52–53. For that reason, in an abundance of caution, this Court will evaluate the merits of Plaintiff's request for preliminary injunctive relief.

Beginning with the first factor, Plaintiff has not demonstrated a strong likelihood of success on the merits. Although the allegations in Plaintiff's Complaint are concerning,[2] they are disputed by Defendants, who have filed a motion for summary judgment on the basis that Plaintiff failed to exhaust his administrative remedies. *See* ECF No. 15. Accordingly, he has not satisfied the first factor.

Turning to the second factor, Plaintiff has not demonstrated that he will suffer irreparable harm absent the preliminary injunction he seeks. Plaintiff explains that

---

[2] Importantly, as already discussed, the injunctive relief Plaintiff seeks here is only tangentially related to the claims he has made in his complaint. In this way, even if Plaintiff succeeded on the merits of his *complaint*, it does not appear the merits of the allegations made in his motion for preliminary injunction would be contemplated in the resolution of this case.

he "will rely heavily upon the witnesses named herein during the course of litigation and any trial in this matter." ECF No. 11 at PageID.53. But construing all the allegations in his motion as true, he has not shown that he will be unable to obtain the information he seeks through other evidentiary practices and procedures. Nor has he claimed he will be unable to call these witnesses at trial, should the case proceed to trial. Accordingly, he has not satisfied the second factor, either.

Finally, the third and fourth factors both weigh against granting Plaintiff's requested preliminary injunction, as well. Indeed, in the context of a motion affecting matters of prison administration, the interests of identifiable third parties and the public at large weigh against the granting of an injunction. *See Brown v. Unknown Johns,* 2007 WL 851859, at *2 (W.D.Mich.2007). "Any interference by the federal courts in the administration of state prison matters is necessarily disruptive." *Mikko v. Smock*, No. 10-12845, 2012 WL 7807967, at *3 (E.D. Mich. Dec. 21, 2012), report and recommendation adopted, No. 2:10-CV-12845, 2013 WL 1276521 (E.D. Mich. Mar. 26, 2013). Thus, the public welfare weighs against the issuance of extraordinary injunctive relief in the prison context, absent a sufficient showing of a violation of constitutional rights. *Brown,* 2007 WL 851859 at *2 (citing *Glover v. Johnson,* 855 F.2d 277, 286–87 (6th Cir.1988)). Plaintiff's motion for a preliminary injunction does not make such a necessary sufficient showing.

In sum, Plaintiff's motion will be denied because he seeks relief grounded in

allegations different from those he made in his complaint and because all four factors weigh against the issuance of a preliminary injunction.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Motion for Temporary Restraining Order, ECF No. 11, is **DENIED**.

**This is not a final order and does not close the above-captioned case.**

> */s/Susan K. DeClercq*
> SUSAN K. DeCLERCQ
> United States District Judge

Dated: 9/10/2024