UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL JOHN HUTCHINS,

        Plaintiff,                      Case No. 2:23-cv-13224

v.                                         Honorable Susan K. DeClercq
                                             United States District Judge

BROCK SIMMONS, et al.,

        Defendants.
_____/

## OPINION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 19)

Plaintiff Daniel John Hutchins alleges that seven Michigan Department of Corrections (MDOC) officers working at Parnell Correctional Facility violated Hutchins's constitutional rights through a series of retaliatory actions between March and July 2023, which included issuing Hutchins a meritless misconduct ticket, placing Hutchins in segregation without due process, and improperly raising Hutchins's security level. *See* ECF No. 1.

On March 13, 2025, this Court granted in part Defendants' motion for summary judgment on the basis of exhaustion, which significantly narrowed the factual scope of Hutchins's legal claims. *See* ECF No. 46. Now at the start of discovery, Hutchins—who has proceeded without an attorney thus far—seeks court-appointed counsel. ECF No. 19.

District courts may "*request* an attorney to represent any person unable to afford counsel" in a civil case, but need not *appoint* one. 28 U.S.C. § 1915(e)(1) (emphasis added); *see also Horacek v. Carter*, No. 1:20-CV-11682, 2022 WL 21841898, at *1 (E.D. Mich. July 15, 2022) (explaining that 28 U.S.C. § 1915(e) authorizes courts only to "search" for counsel and does not establish a *right* to counsel). Indeed, "[a]ppointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). In evaluating whether there are "exceptional circumstances," courts should consider: (1) the probable merits of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself. *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Lavado*, 992 F.2d at 605–06.

Hutchins argues that appointment of counsel is necessary because the case involves "a complex mixture of factual and legal issues" and so Hutchins has had "a very difficult time putting together the facts and arguing the legal issues." ECF No. 19 at PageID.198.

Having reviewed Hutchins's Complaint and subsequent filings, and considering the relevant factors, the Court finds that Hutchins's case is not yet one of the "exceptional circumstances" that might require an order "request[ing] an

attorney" to represent Hutchins under 28 U.S.C. § 1915(e). Indeed, the legal claims raised in Hutchins's Complaint and subsequent filings are not unusually complex, nor are the factual bases for them. And Hutchins has adequately articulated the basis of the action and appears capable of understanding and communicating legal issues. Moreover, Hutchins's claims have been recently narrowed in factual scope, significantly decreasing the amount of necessary discovery. Finally, "[i]t has been the general practice of courts in this district and the Sixth Circuit to appoint counsel only after the prisoner has survived dispositive motion practice." *Platte v. DeFeyter*, No. 23-CV-10640, 2023 WL 4181263, at *5 (E.D. Mich. June 26, 2023) (collecting cases). Thus, because Hutchins's case does not yet present exceptional circumstances, and because discovery is only just beginning, Hutchins's request for counsel will be denied at this point. If Hutchins's case survives dispositive motion practice and proceeds to trial, Hutchins may file a renewed motion for counsel at that time.

Accordingly, it is **ORDERED** that Defendant's Motion for Appointment of Counsel, ECF No. 19, is **DENIED WITHOUT PREJUDICE**.

**This is not a final order and does not close the above-captioned case.**

      */s/Susan K. DeClercq*
      SUSAN K. DeCLERCQ
      United States District Judge

Dated: March 14, 2025