UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL JOHN HUTCHINS,

        Plaintiff,              Case No. 2:23-cv-13224

v.                                Honorable Susan K. DeClercq
                                   United States District Judge
BROCK SIMMONS, et al.,

        Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF No. 50) AND DENYING DEFENDANTS' MOTION FOR RECONSIDERATION (ECF No. 49)**

Plaintiff Daniel John Hutchins alleges that seven Michigan Department of Corrections (MDOC) officers working at Parnell Correctional Facility violated Plaintiff's constitutional rights through a series of retaliatory actions between March and July 2023, which included issuing Plaintiff a meritless misconduct ticket, placing Plaintiff in segregation without due process, and improperly raising Plaintiff's security level. *See* ECF No. 1.

On March 13, 2025, this Court granted in part Defendants' motion for summary judgment on the basis of exhaustion, which significantly narrowed the factual scope of Plaintiff's legal claims. *See* ECF No. 46. Specifically, Plaintiff's only "remaining legal claims are those related to (1) the grievable issues Plaintiff asserted in Grievance 692 against Defendants Crites, Nagy, and Simmons; and (2)

Plaintiff's allegations that on July 20, 2023, Defendants Crites, Murrell, and McGinn acted to increase Plaintiff's security level in retaliation for Plaintiff's grievances and complaints." *Id.* at PageID.348.

In the weeks that followed, both Plaintiff and Defendants filed motions for reconsideration. *See* ECF Nos. 49; 50. But, as explained below, both motions will be denied.

## I. LEGAL STANDARD

Local Rule 7.1(h)(2) governs motions for reconsideration of a nonfinal order. It states:

> Motions for reconsideration of non-final orders are disfavored. They must be filed within 14 days after entry of the order and may be brought only upon the following grounds:
>
> > (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
> >
> > (B) An intervening change in controlling law warrants a different outcome; or
> >
> > (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. LR 7.1(h)(2).

Neither Plaintiff nor Defendant have presented new facts or controlling law in their motions. *See generally* ECF Nos. 49; 50. Therefore, only Local Rule

7.1(h)(2)(A) is relevant here. To succeed under Local Rule 7.1(h)(2)(A), a movant must demonstrate "(1) that the court made a mistake, (2) that correcting the mistake changes the outcome of the prior decision, and (3) that the mistake was based on the record and law before the court at the time of its prior decision." *Hillman Power Co. v. OnSite Equip. Maint., Inc.*, 582 F. Supp. 3d 511, 514 (E.D. Mich. 2022) (citing E.D. Mich. LR 7.1(h)(2)(A)).

## II. ANALYSIS

### A. Plaintiff's Motion for Reconsideration (ECF No. 50)

In its March 13, 2025, Opinion and Order, this Court concluded that Plaintiff had not exhausted administrative remedies regarding Plaintiff's allegations that Defendants Crites and Murrell confiscated Plaintiff's legal documents on July 15, 2023. *See* ECF No. 46 at PageID.341, 344. That conclusion was based upon a review of Plaintiff's modified access grievance requests and responses, which were submitted by MDOC. *See* ECF No. 28-1. Specifically, after reviewing those exhibits, the Court found that "Plaintiff did not request a grievance form regarding any legal documents that were confiscated on July 15, 2023." ECF No. 46 at PageID.341.

Plaintiff now argues that this Court should not have dismissed these specific claims against Defendants Crites and Murrell. ECF No. 50 at PageID.371–73. Plaintiff alleges that this Court made a mistake by not considering a modified-access grievance request he submitted to MDOC on September 6, 2023, regarding the

- 3 -

alleged confiscation of legal documents. *Id.* at PageID.371; *see also* ECF No. 28-1 at PageID.269. Plaintiff further asserts that MDOC "actually responded to Plaintiff's request for a grievance form on the merits," and this Court made a mistake in not considering that denial. ECF No. 50 at PageID.372; *see also* ECF No. 28-1 at PageID.270.

Although it was a mistake for this Court to overlook those two pages of the modified access grievances that MDOC filed, it is not a mistake that changes the outcome because even considering those two pages, Plaintiff did not exhaust administrative remedies regarding the alleged confiscation of legal documents. Indeed, Plaintiff's September 6, 2023, grievance request clarifies that the alleged confiscation of legal documents occurred on July 15, 2023, and that Plaintiff attempted to resolve the issue with Defendants Crites and Murrell on August 16, 2023, but received no response. ECF No. 28-1 at PageID.269. Plaintiff's grievance request further details that Plaintiff "wrote" the St. Louis Correctional Facility[1] Grievance Coordinator on August 27, 2023, who advised Plaintiff to request a Step I Grievance Form from the Parnell Correctional Facility Grievance Coordinator, which Plaintiff did on September 6, 2023. *Id.*

---

[1] Plaintiff was transferred to St. Louis Correctional Facility, a higher security facility, on July 21, 2023. *See* ECF No. 1 at PageID.13.

In this way, Plaintiff did not exhaust administrative remedies because Plaintiff did not *request* a Step I grievance form within the timeframe for filing a Step I grievance[2] under MDOC's Policy Directive (PD) 03.02.130, which addresses prisoner and parolee grievances. *See* ECF No. 15-2 at PageID.105. Under PD 03.02.130, an inmate must attempt to resolve the issue with the staff member involved within *two business days* after becoming aware of the grievable issue. *Id.* After that, a "Step I grievance must be filed within five business days after the grievant attempted the resolve the issue with appropriate staff." *Id.* Here, although Plaintiff asserts Plaintiff attempted to resolve the legal-document-confiscation issue with Defendants Crites and Murrell directly, Plaintiff did not do so until *32 days* after becoming aware of the grievable issue. And Plaintiff did not request a Step I grievance form from a grievance administrator until *nine days*[3] after attempting to resolve the issue with Defendants Crites and Murrell directly. In sum, even considering Plaintiff's September 6, 2023, grievance request form, Plaintiff's claims

---

[2] Importantly, this Court is *not* suggesting that an inmate on modified grievance access is expected to *file* a Step I grievance within the timeframe for filing such a grievance under the relevant MDOC policy. This Court recognizes that often times MDOC grievance coordinators do not respond to requests for grievance forms from an inmate on modified grievance access for several days, and thus it would be manifestly unfair to expect such an inmate to *file* a grievance within a timeframe if the inmate has *requested* the proper forms and is awaiting the grievance coordinator's response.

[3] Construing the facts in Plaintiff's favor, this Court is assuming that a request to the St. Louis Correctional Facility grievance administrator on August 27, 2023, counts as the date Plaintiff requested a Step I grievance form.

regarding the July 15, 2023 confiscation of legal materials would still be dismissed because Plaintiff failed to exhaust administrative remedies by following the timeline set forth in MDOC PD 03.02.130.

Thus, Plaintiff's motion for reconsideration, ECF No. 50, will be denied because although this Court made a mistake by not considering Plaintiff's September 6, 2023, Step I grievance form request, correcting the mistake would not change the outcome of this Court's prior decision. *See Hillman Power Co.*, 582 F. Supp. 3d at 514.

### B. Defendants' Motion for Reconsideration (ECF No. 49)

In its March 13, 2025, Opinion and Order, this Court pointed out in a footnote that because Defendants' Motion, ECF No. 15, did "not at all address Plaintiff's claims that Defendants Crites, Murrell, and McGinn coordinated to increase Plaintiff's security level on July 20, 2023, in retaliation for Plaintiff's" grievances, none of "Plaintiff's claims against those Defendants related to those factual allegations" would be dismissed. ECF No. 46 at PageID.330.

Defendants explain in their motion for reconsideration that they did not understand Plaintiff's Complaint to allege that Defendants Crites, Murrell, and McGinn increased Plaintiff's security level in retaliation for Plaintiff's grievances, so they did not address those claims in their motion to for summary judgment on the basis exhaustion. ECF No. 49 at PageID.363–64. "Nevertheless," Defendants assert,

"they did seek the dismissal of *all* claims except those specifically asserted in [Grievance] SMT-629." *Id.* at PageID.364 (emphasis added). Thus, Defendants argue, "it was a mistake for this Court to conclude that Defendants did not seek dismissal" of Plaintiff's claim that Defendants Crites, Murrell, and McGinn retaliated against Plaintiff by increasing Plaintiff's security level. *Id.*

But it is not a mistake for a court to deny a motion because the movant failed to develop a legal argument in support of the requested relief. *See United States v. Noyola*, No. 1:00-CRIM-242-4, 2009 WL 2611266, at *2 (W.D. Mich. Mar. 30, 2009) (collecting cases). And here, Defendants concede they did not address issues relating to the July 20 retaliation claim at all. Thus, there was no mistake, and Defendants' motion for reconsideration will be denied.[4]

### III. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Motion for Reconsideration, ECF No. 50, is **DENIED**.

Further, it is **ORDERED** that Defendants' Motion for Reconsideration, ECF

---

[4] Defendants alternatively request leave to file a second summary judgment motion to address the exhaustion of Plaintiff's claims related to July 20, 2023, retaliation claims against Defendants Crites, Murrell, and McGinn. *See* ECF No. 49 at PageID.365–668. At this juncture, the Court will deny this request without prejudice because all remaining pretrial matters in this case were referred to United States Magistrate Judge Elizabeth A. Stafford on March 18, 2025. *See* ECF No. 48. If Defendants still wish to seek leave to file a second motion for summary judgment, they may file such a motion with Judge Stafford.

- 8 -

No. 49, is **DENIED**.

**This is not a final order and does not close the above-captioned case.**

<u>/s/Susan K. DeClercq</u>  
SUSAN K. DeCLERCQ  
United States District Judge

Dated: June 13, 2025